UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MATTHEW EMERALD,<br><br>              Petitioner,<br><br>    v.<br><br>LORETTA LYNCH, Attorney General of the United States, and DOES 1 THROUGH 10,<br><br>              Defendants. | **CASE NO. 1:16-mc-0050-AWI**<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR SEALING OR EXPUNGEMENT OF RECORD OF CRIMINAL ARREST** |

## I. Introduction

On or about August 17, 2013, a fire began in the Stanislaus National Forest that eventually burned approximately 250,000 acres of land, including land owned by the United States in the Stanislaus National Forest and Yosemite National Park. *See United States v. Emerald*, 14-cv-165-AWI-BAM, Doc. 1 (Aug. 7, 2014). That fire, which came to be known as the "Rim Fire," was the largest fire ever to burn in the Sierra Nevada, and the third largest fire on record in California.[1] Petitioner Keith Matthew Emerald ("Petitioner") was arrested and charged in a four-count indictment based on his alleged role in starting the Rim Fire. Doc. 1 at ¶¶ 23-25;

---

[1] *The Rim Fire*, State of California, Sierra Nevada Conservancy, located at http://www.sierranevada.ca.gov/our-region/rim-fire (last accessed November 10, 2016).

*see United States v. Emerald*, 14-cv-165-AWI-BAM, Doc. 1. Specifically, the indictment alleged that Petitioner (1) set timber afire in in violation of 18 U.S.C. § 1855; (2) left that fire unattended and unextinguished in violation of 18 U.S.C. § 1856; (3) violated a fire restriction order in violation of 36 C.F.R. § 261.52(a); and (4) made false statements to law enforcement regarding his involvement in the starting of that fire in violation of 18 U.S.C. § 1001(a)(2). *See Id.*; Doc. 1 at ¶ 26.

On May 1, 2015, the United States moved to dismiss the criminal action against Petitioner because two people whom the Government believed to be critical witnesses died prior to trial; the Government believed that. "without the testimony of the … deceased witnesses, it [was] unlikely that it would be able to prove beyond a reasonable doubt … that defendant committed" the charged offenses. *United States v. Emerald*, 14-cv-165-AWI-BAM, Doc. 30 (May 1, 2015). The Court granted the Government's motion to dismiss. *Id* at Doc. 31.

Petitioner now seeks an order "sealing or expunge[ing]" the record of his arrest in relation to the now-dismissed criminal action.

## II. Discussion

District courts have the power to expunge criminal records through federal statutes or the district court's inherent authority. *United States v. Crowell*, 374 F.3d 790, 972-974 (9th Cir. 2004); *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000); *see* 18 U.S.C. § 3231. Petitioner does not allege that any statutory authority supports expungement or sealing of his records of arrest. If the Court is to expunge or seal Petitioner's record of arrest, it could only do so through its narrow "inherent authority to expunge criminal records." *Crowell*, 374 F.3d at 793. In this context, a court's inherent authority can only be appropriately exercised to correct clerical errors or remove the official record of an unlawful arrest or conviction. *Crowell*, 374 F.3d at 973; *Sumner*, 266 F.3d at 1014; *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982). A court may not expunge or seal the "record of a valid arrest … solely for equitable considerations." *Sumner*, 226 F.3d at 1014.

Even when a complaint is dismissed, a defendant is acquitted, or a conviction is vacated, expungement is a "narrow, extraordinary exception" that may only be exercised in "appropriate

and extraordinary cases." Crowell, 374 F.3d at 796 (collecting cases); *United States v. Davis*, 2014 WL 935355, *5 (C.D. Cal. Mar. 10, 2014); *see Erickson v. United States*, 757 F.Supp.2d 1060, 1065 (D. Or. Dec. 2010) (denying expungement of a record of conviction even after it had vacated the conviction because petitioner had presented no "extraordinary circumstances" warranting expungement). Such extraordinary circumstances must be "sufficient to outweigh the government's interest in maintaining criminal records." *Davis*, 2014 WL 935355 at *5 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)).

Petitioner contends that United States Forest Service agents "coerced [a] confession … in which [Petitioner] allegedly stated that he started the fire…." Doc. 1 at ¶ 19. Petitioner was then arrested for starting the fire. Doc. 1 at ¶ 25. Assuming that Forest Service agents coerced Petitioner to incriminate himself in violation of the Fourth Amendment, Petitioner has not alleged extraordinary circumstances that would justify expungement or sealing of his records of arrest. As a result, Petitioner's petition will be dismissed without prejudice.

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's petition for expungement or sealing of record of criminal arrest is DISMISSED without prejudice;

2. Any amended petition must be filed within 30 days of the date of this order. Failure to file an amended petition within the time afforded will result in closure of this action without further notice.

IT IS SO ORDERED.

Dated:   November 15, 2016                    _____

                                             SENIOR  DISTRICT  JUDGE